## John Bole *v.* Mrs. Jane H. McKelvy, Appellant.

*Tax sales—Tax liens—Cities of the second class—Act of March 22, 1877 —Vendor and vendee.*

Under the proviso of the Act of March 22, 1877, P. L. 16, relating to tax sales in cities of the second class, the taxes due must aggregate at least $20.00 before the property can be levied upon and sold, but property may be sold under a lien for less than $20.00, when the aggregate of taxes against it exceeds that sum.

*Assignment for creditors — Resulting trust in assignor — Vendor and vendee.*

In all cases where an assignment is made by an insolvent for the benefit of his creditors there is a resulting trust in favor of the assignor, and if the debts of the assignor are actually paid, or if there is a presumption of payment by reason of the lapse of time, the assignor is entitled to the possession of the assigned property remaining undisposed of by the assignee, and a formal reconveyance to the assignor is not necessary.

Submitted Nov. 14, 1898. Appeal, No. 10, Oct. T., 1898, by defendant, from order of C. P. No. 2, Allegheny Co., making

absolute a rule for judgment for want of a sufficient affidavit of defense.  Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Assumpsit on an agreement to sell real estate.

Motion for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of FRAZER, J., which was as follows :

Plaintiff brings this suit to recover the sum of $1,500 with interest from     , 1898, being the balance of the purchase money due plaintiff from defendant on a lot of ground situate in the nineteenth ward, Pittsburg, purchased by defendant from plaintiff under articles of agreement dated December 21, 1897, and recorded in the recorder's office of Allegheny county in deed book, vol. 978, page 515.  Upon tender of a deed with covenants of general warranty the defendant declined to comply with the terms of the agreement and pay the purchase money due, because, as she alleges, the title of plaintiff to said lot of ground is not a marketable and indefeasible title.  The undisputed facts are as follows : On March 12, 1874, R. H. Negley, who at that time had a fee simple title to the lot in controversy conveyed the same by general warranty deed to John H. McMasters, which deed was duly recorded in deed book, vol. 328, page 160, and also duly registered in the proper office of the city of Pittsburg as required by law.  John H. McMasters on December 13, 1876, made a voluntary assignment for the benefit of creditors to Thomas Stewart of all his property real, personal and mixed, which deed was duly recorded in the recorder's office of this county.  Stewart as assignee of McMasters filed his bond together with an inventory of his assignor's property on October 4, 1877, at No. 249, March term, 1877, the lot in question not being included in or mentioned in the inventory so filed.  On the     day of July, 1895, the assignee filed his first and final account showing nothing for distribution, which account was confirmed absolutely August 7, 1895.  The taxes assessed by the city of Pittsburg against said lot for the years 1879, 1880 and 1881, amounting to $13.73, were not paid and a lien therefor together with the costs of advertising, etc.,

amounting in all to $24.98, was filed against said lot by the collector of delinquent taxes of the city in court of common pleas, No. 1, at No. 460, June term, 1882, D. T. D.   Judgment was duly obtained on said lien, a levari facias issued and the lot levied upon and sold by the sheriff to Robert E. Stewart. In addition to the taxes due the city of Pittsburg on said lot and embraced in the above lien and judgment thereon, there was at the time of the sheriff's sale due and unpaid the taxes assessed against the lot for the years 1882 and 1883, which, with the taxes included in the lien above mentioned made the aggregate amount of city taxes (exclusive of advertising and other costs) due and unpaid exceed the sum of $20.00.   Robert E. Stewart and wife by their deed of general warranty conveyed the said lot to plaintiff.   In addition to the deed from R. E. Stewart, John H. McMasters on the     day of September, 1898, executed and delivered to plaintiff a deed for said lot.   These several proceedings and conveyances the plaintiff claims vest a good indefeasible and marketable title in him.   This the defendant denies, claiming (1) that the sale by the city of Pittsburg upon a lien for taxes amounting to less than $20.00 was void, and (2) because McMasters having conveyed all his property " real, personal and mixed " to an assignee for benefit of creditors, and the assignee not having sold this lot or reconveyed it to McMasters, the title thereto is still in the assignee.

As to the first objection, the Act of March 22, 1877, P. L. 16, provides a system for levying, collecting and disbursing taxes and water rents in cities of the second class; inter alia, the act makes it the duty of the collector of delinquent taxes to file liens in the office of the prothonotary against real estate upon which taxes and water rents remain unpaid for six months after they become due, and to levy upon and sell such real estate, " Provided, however, that in cases where the amount of taxes and water rents due shall not exceed $20.00 the real estate shall not be exposed to sale, but judgment against the same may be kept revived."   Under this proviso the taxes due must aggregate at least $20.00 before the property can be levied upon and sold, but the act does not say that the lien or liens upon which the lot is sold must aggregate that amount. We think it was the intention of the legislature to prevent the sale of real estate in cases where the amount of the tax was

very small, and at the same time obviate the incurring of large bills for costs, as the costs on each lien filed, exclusive of costs on the levari facias amount to about $15.00. It certainly was not the object of the proviso to prevent sales of real estate except in cases where the tax included in the lien exceeded the sum of $20.00. Such construction would prevent the collection of a large amount of tax, as in hundreds of cases the tax assessed against properties never exceed that sum in any one year, the only reasonable construction seems to be that the proviso delays the sale of real estate of delinquent until the unpaid tax exceeds the sum of $20.00. When that happens the collector must sell the property, and he may make the sale on a lien for any amount, the act only requiring that the aggregate amount due and unpaid shall exceed $20.00. This question was before common pleas, No. 1, in Pittsburgh v. Black, 39 P. L. J. 396, and Judge STOWE there held that if the taxes due in several liens aggregate $20.00 a levari facias on a single lien would be sufficient to vest a good title in the purchaser at a sheriff's sale of the property. It seems to us that the provisions of the act were complied with in the sale at No. 460, June term, 1882, D. T. D., and that the purchaser under the levari facias in that case took a good title to the lot.

As to the second objection. In all cases where an assignment is made by an insolvent for the benefit of his creditors, there is a resulting trust in favor of the assignor, and if the debts of the assignor are actually paid, or if there is a presumption of payment by reason of the lapse of time, the assignor is entitled to the possession of any of the assigned property remaining undisposed of by the assignee: In the Matter of the Estate of Potter & Page, 54 Pa. 471. In this case the assignment was made almost twenty-two years ago, and if the debts of the assignor have not been actually paid by his assignee, a legal presumption of payment (over twenty years) has arisen, and this lot not having been converted by the trustee, the assignor is entitled to its possession, and as a formal reconveyance of the unconverted portion of an assigned estate is unnecessary in cases where the debts of the assignor have been paid, we see no reason why the same rule should not apply in cases where the debts are by law presumed to be paid. Such being the case, if McMasters's title was not divested by the sale on the

delinquent tax lien, it was divested by his deed of September , 1898, to plaintiff. We think the plaintiff's title to the lot in question is a good marketable title, and that the rule for judgment for want of a sufficient affidavit of defense should be made absolute.

And now October 8, 1898, the rule for judgment for want of a sufficient affidavit of defense is made absolute.

*Error assigned* was the order of the court.

*Thomas C. Lazear* and *Charles P. Orr*, for appellant.

*F. R. Stoner*, for appellee.

PER CURIAM, January 3, 1899:

The judgment in this case is affirmed on the opinion of the learned court below.